UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KEITH STANSELL, et al.,                                      No.: 16-mc-405 (LGS) (SN)

          Plaintiffs,

    v.

REVOLUTIONARY ARMED FORCES OF
COLOMBIA (FARC), et al.,

          Defendants.

_____/

OLIVIA PESCATORE, et al.,                                   No.: 18-MC-00545
                                                            (LGS)(SN)

          Plaintiffs,

    v.

JUVENAL OVIDIO RICARDO PALMERA
PIENDA, et al.,

          Defendants.

_____/

In re:                                                      No.: 20-MC-00249
                                                            (LGS)(SN)

        CLAIMS AGAINST THE VALERO-
        PETROCEDENO ACCOUNT

_____/

MEUDY ALBAN OSIO, et al.,                                   No.: 25-MC-00390
                                                            (LGS)(SN)

          Plaintiffs,

    v.

NICOLAS MADURO MOROS, et al.,

          Defendants.

_____/

**ANTONIO CABALLERO'S NOTICE OF RELATED ACTIONS**

1

Currently before Your Honor are four related actions, in which Caballero has writs as more fully described herein, collectively referred to as the "Four Related Actions": i) *In re Claims Against the Valero-Petrocedeno Account,* No. 20-mc-249 ("Caballero SDNY Action"); ii) *Stansell, et al. v. FARC, et al.,* No. 16-mc-405 ("Stansell SDNY Action"); iii) *Osio, et al. v. Maduro Moros, et al.*, No. 25-mc-390 (S.D.N.Y.) (the "Second Osio SDNY Action");[1] and iv) *Pescatore, et al. v. Pineda, FARC et al.*, No. 118-mc-545 (S.D.N.Y.). Pursuant to Court Order, proceedings in the Four Related Actions "involving the accounts of Venezuelan state-owned entities, affiliates, or subsidiaries" (ECF No. 600 at 3; ECF No. 626 at 2) are stayed.

Pursuant to Local Rule 1.6,[2] Antonio Caballero, by and through undersigned counsel, hereby gives notice of another related proceeding: *Osio, et al. v. Maduro Moros, et al.*, No. 24-

---

[1] By way of background, in September 2024, the Osios initiated *Osio, et al. v. Maduro Moros, et al.*, No. 24-mc-450 (S.D.N.Y.) (the "Osio SDNY Domestication Action") by registering a 2023 default judgment in this District. In September 2025, the Osios initiated a second action in this District (*Osio, et al. v. Maduro Moros, et al.*, No. 25-mc-390 (S.D.N.Y.), i.e., the Second Osio SDNY Action) by filing an *ex parte* application for appointment of special process server and motion for writ of execution in an effort to collect the same 2023 default judgment. *See* Second Osio SDNY Action, ECF No. 3.

[2] Local Rule 1.6 cross-references the Division of Business Rules in this District, Rule 13 of which provides:

> (a) Determination of Relatedness
> > (1) General Rule. Subject to the limitations set forth below, a civil case, bankruptcy appeal, or motion to withdraw the bankruptcy reference will be deemed related to one or more civil cases, appeals, or motions when the interests of justice and efficiency will be served. In determining relatedness, a judge will consider whether
> > (A) the actions concern the same or substantially similar parties, property, transactions, or events;
> > (B) there is substantial factual overlap;
> > (C) the parties could be subjected to conflicting orders; and
> > (D) whether absent a determination of relatedness there would be a substantial duplication of effort and expense, delay, or undue burden on the court, parties, or witnesses.

mc-450 (S.D.N.Y.) (the "Osio SDNY Domestication Action").[3]  Despite this Court's stay order, applicable to the Four Related Actions, the Osios have, in the Osio SDNY Domestication Action, sought a writ of garnishment as to an account held by Venezuelan-owned entity BDT[4]—an account that is subject to the SDNY writ issued to Caballero on July 29, 2022[5] and the subject of the 2021 Equiniti interpleader pending in the Stansell SDNY Action (ECF No. 208). *See* Osio SDNY Domestication Action, ECF Nos. 9, 15. In fact, in a letter opposing the Osio's request for a writ, BDT informed Judge Carter, presiding over the Osio SDNY Domestication Action, of the relation of the action to the ongoing Equiniti interpleader, although BDT failed to mention the stay order applicable to the Four Related Actions: "The Plaintiffs' Letter Motion to Seal failed to inform the Court that there are related actions pending before Judge Schofield (and by referral Magistrate Judge Netburn), including a prior action that involves BDT's funds held by Equiniti Trust Company." *See* Osio SDNY Domestication Action, ECF No. 15 at 1.

Caballero further gives notice of an additional related action: *Marron v. Maduro*, No. 21-cv-23190 (S.D. Fla.) ("Marron SDFL Action"). In the Marron SDFL Action, the plaintiff judgment creditors, the Marrons, have obtained extraterritorial writs of garnishment as to blocked assets that have been, for years, the subject of extensive litigation before Your Honor and that are the subject to the SDNY writ issued to Caballero on January 14, 2021[6] and the subject of the Citibank, N.A. ("Citibank") interpleader (Stansell SDNY Action, ECF No. 324), related to Samark Jose Lopez

---

[3] *See* supra note 1.

[4] Banco Digital de los Trabajadores, Banco Universal C.A. f/k/a Banco Bicentenario del Pueblo, de la Clase Obrera, Mujer y Comunas, Banco Universal C.A.

[5] *See* Caballero SDNY Action, ECF Nos. 71, 206 at 3 (identifying Caballero's SDNY writ, which was served on Equiniti on August 2, 2022).

[6] *See* Caballero SDNY Action, 206 at 4 (identifying Caballero's SDNY writ, which was served on Citibank on February 4, 2021).

Bello ("Lopez Bello"),[7] pending before this Court since 2020 (i.e., the "Six Sis Proceedings").[8] Notably, four of the Marrons' extraterritorial writs[9] also track the SDNY writs Caballero obtained in January 2021, in an abundance of caution, to the extent that Citibank N.A. was determined to not be the proper garnishee of the blocked assets that are subject to the aforementioned Citibank interpleader. *See* Caballero SDNY Action, ECF Nos. 11 (now unsealed) at ¶ 12; 206 at 5 n.13. It defies credulity that the Marrons would not be aware of the ongoing Citibank interpleader given that the Marrons are represented by the same counsel as the Osios, who are plaintiffs in a related case before Your Honor (i.e., the Second Osio SDNY Action).

Caballero additionally notes that the Marrons have also obtained the following extraterritorial writs from the Marron SDFL Action, again relating to Tareck El Aissami and Lopez Bello and his shell companies, against garnishees Safra Bank and JPMorgan Chase Bank, N.A. ("JPM")—both of whom maintain their blocked assets in New York. Marron SDFL Action, ECF Nos. 523, 524. Like Citibank, JPM has initiated an interpleader relating to certain blocked assets involving Lopez Bello. Indeed, such interpleader was initiated in 2025 and subsequently transferred to this District in the Caballero SDNY Action (ECF Nos. 217, 221) before Your Honor. Again, it defies credulity that the Marrons would not know of the fact that JPM's blocked assets are located in New York or of the ongoing JPM interpleader for similar reasons discussed above. The Marrons' lack of knowledge of such facts is further dubious because: i) JPM previously

---

[7] For example, the Marrons have obtained a writ as to garnishee Citibank, N.A. related to Tareck El Aissami and Lopez Bello and his shell companies. Marron SDFL Action, ECF No. 527. The Marrons have also obtained writs related to Tareck El Aissami and Lopez Bello and his shell companies against four other garnishes, specifically The Federal Reserve Bank of New York, The Depository Trust company, SIX SIS Ltd. a/k/a SIX SIS AG, and Bank J. Safra Sarasin. Marron SDFL Action, ECF Nos. 520, 521, 522, and 528.

[8] The Citibank interpleader was initially filed in 2019 in the SDFL, but was subsequently transferred to this District.

[9] *See* supra note 7.

informed the Marrons—in relation to other then blocked assets relating to Lopez Bello, which the Marrons attempted to attach in U.S. District Court for the Southern District of Florida ("SDFL") *after* Caballero—that those blocked assets were held in New York; and ii) garnishees generally hold all their blocked assets in one jurisdiction. *See* Marron SDFL Action, ECF No. 258 at 2.

Respectfully submitted,

*/s/ Leon N. Patricios*
Joseph I. Zumpano (Fla. Bar No. 0056091)
Admitted *Pro Hac Vice*
Leon N. Patricios (Fla. Bar. No. 0012777)
Admitted *Pro Hac Vice*
Email: jzumpano@zplaw.com
Email: lpatricios@zplaw.com
Zumpano Patricios, P.A.
312 Minorca Ave
Coral Gables, FL 33134
Tel. (305) 444-5565

*Attorneys for Antonio Caballero*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 8th day of May 2026, the undersigned electronically filed the foregoing document with the Clerk of Courts by using the CM/ECF system.

*/s/ Leon N. Patricios*
Leon N. Patricios

5