ZUMPANO
PATRICIOS
312 Minorca Avenue | Coral Gables, FL 33134
Ph: (305) 444-5565 | Fax: (305) 444-8588
www.zplaw.com

October 14, 2026

**FILED VIA ECF**

Honorable Lorna G. Schofield
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Honorable Sarah Netburn
Thurgood Marshall Courthouse
40 Foley Square, Room 430
New York, NY 10007

Re: *Osio, et al. v. Maduro Moros, et al.,* No. 25-mc-00390-LGS-SN (S.D.N.Y.)

Dear Judge Schofield and Judge Netburn,

We represent Plaintiff/Third-Party Defendant, Antonio Caballero ("Caballero"). On October 5, 2026, the Osios filed—in the Osio SDNY Action[1]—a motion seeking turnover of various Petrocedeno related accounts held by garnishees JPMorgan Chase ("JPM"), Sumitomo Mitsui Banking Corp. ("SMBC"), and TCP Petcoke. Osio SDNY Action, ECF Nos. 71, 72 (collectively, the "Osio Petrocedeno Turnover Motion"). Because continued briefing and adjudication of the Osio Petrocedeno Turnover Motion is, at this time, premature and contrary to judicial efficiency, Caballero respectfully requests that the Court hold such motion in abeyance.

The Osio Petrocedeno Turnover Motion is premature given that the Petrocedeno related accounts at JPM and SMBC are subject to two pending interpleader proceedings, which will determine at least: (1) Petrocedeno's status as an agency and/or instrumentality; and (2) priority among the competing judgment creditors including the Osios. The Osio Petrocedeno Turnover Motion purports to skip over these proceedings.

The JPM-Petrocedeno interpleader, currently before the Court in the Caballero SDNY Action,[2] has been pending in this District since May of 2025.[3] Notably, Caballero, the Stansells, the Pescatores—and the Osios—among others, are named parties to the interpleader proceeding. Caballero SDNY Action, ECF No. 202 at ¶ 7. The SMBC-Petrocedeno interpleader, currently

[1] *Osio, et al. v. Maduro Moros, et al.,* No. 25-MC-00390 (LGS)(SN) (S.D.N.Y.).

[2] *In re Claims Against The Valero-Petrocedeno Account*, No. 20-mc-249-LGS-SN (S.D.N.Y.).

[3] *See* Caballero SDNY Action, ECF No. 162 at 1. The JPM-Petrocedeno interpleader was originally filed in two actions in the U.S. District Court for the Southern District of Florida in November of 2024. *See Stansell, et al. v. FARC, et al.,* No. 19-cv-20896 (S.D. Fla. Nov. 4, 2024), ECF No. 585; *Osio, et al. v. Maduro Moros, et al.,* No. 21-cv-20706 (S.D. Fla. Nov. 12, 2024), ECF No. 242. In July of 2025, following the interpleaders' transfer to this District, the transferred interpleader actions were consolidated with the Caballero SDNY Action. Caballero SDNY Action, ECF No. 162 at 1-2.

before the Court in the Stansell SDNY Action,[4] has been pending since April 2021. *See* Stansell SDNY Action, ECF No. 234. Caballero, the Stansells, and the Pesactores are named competing judgment creditors therein. *Id.* at ¶¶ 5-7. Although the Osios are not a named party to the aforementioned interpleader action, SMBC has indicated that it intends to amend its interpleader complaint to add the Osios. Notably, the Osio Petrocedeno Turnover Motion acknowledges Caballero's and the Stansells' "earlier-filed writs," Osio SDNY Action, ECF No. 72 at 15 n.5; nevertheless, the Osios have moved for turnover. Such inconsistency underscores the premature nature of the Osio Petrocedeno Turnover Motion.

The Osios' statement that "one or both of those plaintiffs [(i.e., Caballero and the Stansells)] may be satisfied from other accounts belonging to terrorist agency/instrumentality Lopez Bello, leaving Plaintiffs here first in line" bolsters Caballero's judicial efficiency argument. *See* ECF No. 72 at 15 n. 5. Thus, the Osios' own statements demonstrate that were the Pending Lopez Bello Turnover Motion[5] granted, the current issue of priority among Caballero, the Stansells, the Pescatores, and the Osios may become moot and the participants in the interpleader proceedings could be reduced. The Stansells, Caballero, the Venezuelan Third Parties, and the Osios have put on the record their agreement that the Pending Lopez Bello Turnover Motion should be adjudicated prior to proceedings involving the Venezuelan entities, which necessarily includes Petrocedeno.[6] In fact, the Osio Petrocedeno Turnover Motion acknowledges that "the Court will likely adjudicate the Stansell and Caballero turnover motions for the Lopez Bello assets at garnishee Citibank first, and then adjudicate this turnover motion [(i.e., the Osio Petrocedeno Turnover Motion)], which may moot any questions concerning priority of writs." Osio SDNY Action, ECF No. 72 at 15 n. 5.

Finally, Caballero informs this Court regarding the positions of the Stansells, the Pescatores, the Osios, Petrocedeno, JPM, SMBC, and TCP Petcoke as to the relief requested herein.

**The Stansells, the Pescatores, and TCP Petcoke:** To date, counsel for Caballero has not received a response to his email inquiring as to the respective positions of the aforementioned parties.

---

[4] *Stansell et al. v. Revolutionary Armed Forces of Colombia ("FARC") et al.* No. 16-mc-405-LGS-SN (S.D.N.Y.).

[5] Referring to the turnover motion as to the Samark Jose Lopez Bello ("Lopez Bello") related assets held by Citibank (Stansell SDNY Action, ECF Nos. 564, 565).

[6] *See* Stansell SDNY Action, ECF Nos. 633 at 2 ("The Stansell plaintiffs respectfully submit that addressing the pending Citibank-Lopez turnover motion before the Venezuelan entities' proceedings is in the interest of judicial economy."); Stansell SDNY Action, ECF No. 635 at 1 ("Caballero supports the Stansells' request"); Stansell SDNY Action, ECF No. 636 at 2 ("The Venezuelan Third Parties agree that judicial economy would be served by the Court first addressing the above pending turnover motions directed at the Lopez Bello/Yakima assets."); Caballero SDNY Action, ECF No. 270 at 1 ("The Albán Plaintiffs [(i.e., the Osios)] agree that judicial efficiency would be served by the Court first addressing the pending turnover motions directed to the Lopez Bello/Yakima assets.").

**SMBC:** In response to an email from Caballero's counsel, counsel for SMBC wrote as follows, "SMBC consents to this request." Email from counsel for SMBC dated October 9, 2026.

**JPM:** In response to an email from Caballero's counsel, counsel for JPM wrote as follows, "JPM takes no position on Caballero's abeyance motion." Email from counsel for JPM dated October 12, 2026.[7]

**Petrocedeno:** In response to an email from Caballero's counsel, counsel for Petrocedeno wrote as follows, "Petrocedeño would not oppose Mr. Caballero's abeyance request, so long as the order of abeyance is without prejudice to any motion to dissolve or otherwise challenge the underlying writ upon the lifting of the abeyance." Email from counsel for Petrocedeno dated October 9, 2026.

**The Osios**: In response to an email from Caballero's counsel, counsel for the Osios wrote as follows:

> The Osio judgment creditors oppose Caballero's abeyance request.
>
> There is no reason to hold the Osio Turnover Motion in abeyance. The Court can rule on the motion now, deciding whether the Osios are entitled to turnover of the Petrocedeño funds under TRIA. Disbursement can then wait until the Court rules on the Lopez Bello turnover motions. Writ priority comes into play only at disbursement, so it would be decided then. The stay should therefore apply only to disbursement of the funds, not to the ruling on the motion itself. Judge Schofield took a similar approach last month in your own turnover judgment, deferring transfer until the order becomes final and non-appealable (No. 20-mc-249, ECF 295).
>
> This sequencing fully protects the competing writ holders as well as garnishees, because no Petrocedeño funds move until the Lopez Bello motions are resolved. It is also consistent with our motion, which anticipates that the Court will decide the Lopez Bello motions first (No. 25-mc-390, ECF 72 at 15 n.5).
>
> The Lopez Bello ruling will also likely resolve the priority question as that turnover likely would satisfy the Stansell, Pescatore, and Caballero judgments. Once those judgments are satisfied, the earlier writs fall away, and there may be no priority dispute left to decide

---

[7] As to the Osio Petrocedeno Turnover Motion, JPM, SMBC, and TCP Petcoke (collectively the "Garnishees") intend to seek the Court's approval of a stipulated schedule whereby the Garnishees' deadline to respond to the turnover is tolled until the earlier of two weeks after a decision denying Caballero's abeyance request or two weeks after a decision lifting any abeyance. *See* email from counsel for JPM dated October 12, 2026.

> at disbursement.
>
> Please provide the Osios' position exactly as set out above in any filing.

Email from counsel for the Osios dated October 8, 2026.

Judicial efficiency considerations support Caballero's abeyance request given that another pending collection proceeding will determine which judgment creditors will be participating in the JPM-Petrocedeno and SMBC-Petrocedeno interpleader proceedings. Caballero therefore respectfully requests that the Court hold the Osio Petrocedeno Turnover Motion in abeyance until the Pending Lopez Bello Turnover Motion has been fully resolved. We thank Your Honor in advance for your due consideration of this matter.

Respectfully Submitted,

*/s/ Nicholas Rostow*
Joseph I. Zumpano (Florida Bar Number: 0056091)
E-mail: jzumpano@zplaw.com
Leon N. Patricios (Florida Bar Number: 0012777)
E-mail: lpatricios@zplaw.com
Nicholas Rostow (New York Bar Number: 18-2590)
E-mail: nrostow@zplaw.com
ZUMPANO PATRICIOS, P.A.
312 Minorca Avenue
Coral Gables, FL 33134
Tel. (305) 444-5565
*Attorneys for Antonio Caballero*

cc: Counsel of record via ECF.