CLEARY GOTTLIEB STEEN & HAMILTON LLP

AMERICAS
NEW YORK
SAN FRANCISCO
SÃO PAULO
SILICON VALLEY
WASHINGTON, D.C.
ASIA
HONG KONG
SEOUL

One Liberty Plaza
New York, NY 10006-1470
T: +1 212 225 2000
F: +1 212 225 3999

clearygottlieb.com

D: +1 212-225-2508
cboccuzzi@cgsh.com

EUROPE & MIDDLE EAST
ABU DHABI
BRUSSELS
COLOGNE
LONDON
MILAN
PARIS
ROME

October 15, 2026

**BY ECF**

Honorable Lorna G. Schofield
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

Honorable Sarah Netburn
Thurgood Marshall Courthouse
40 Foley Square, Room 430
New York, New York 10007

Re: *Osio, et al. v. Maduro Moros*, et al., No. 25-mc-00390-LGS-SN (S.D.N.Y.)

Dear Judge Schofield and Judge Netburn:

We write on behalf of Garnishees JPMorgan Chase Bank, N.A. ("JPMorgan"), Sumitomo Mitsui Banking Corp. ("SMBC"), and TCP Petcoke ("TCP" and, collectively with JPMorgan and SMBC, the "Garnishees"). On October 5, 2026, Plaintiffs filed a motion in this action (the "Osio SDNY Action") seeking turnover of blocked assets in the name of, or for the benefit of, or associated with Petrocedeño, S.A., held by the Garnishees, in partial satisfaction of Plaintiffs' judgment (ECF Nos. 71, 72) (the "Turnover Motion"). The Garnishees respectfully submit this letter to request a stay of their deadline to answer or otherwise respond to the pending Turnover Motion, or in the alternative, a two (2) week extension of that deadline as set forth below.

On October 14, 2026, Antonio Caballero requested that this Court hold the Turnover Motion in abeyance pending resolution of his competing claims and related jurisdictional issues, as set forth in that request (ECF No. 73) (the "Abeyance Request"). The Garnishees do not join the Abeyance Request, but separately seek a stay or, in the alternative, an extension of their responsive deadlines while that Abeyance Request remains pending. Absent such relief, the Garnishees' deadline to answer or otherwise respond to the Turnover Motion

would fall fourteen (14) days after service of the moving papers under S.D.N.Y. Local Civil Rule 6.1(b)(2).

Accordingly, the Garnishees request that the Court toll the Garnishees' time to answer or otherwise respond to the Turnover Motion, if necessary, until the later of: (a) two (2) weeks following the date on which the Court enters an order denying the Abeyance Request; or (b) two (2) weeks following the date on which the Court enters an order lifting any abeyance ordered by the Court in response to the Abeyance Request (in each case, the "Response Deadline").[1]

If the Court is not inclined to adopt the schedule proposed above, the Garnishees respectfully request, in the alternative, and to the extent a response is required, a two (2) week extension of their deadline to answer or otherwise respond to the Turnover Motion, up to and including November 2, 2026, which is two (2) weeks from Monday, October 19, 2026. This alternative request is made without prejudice to, and the Garnishees do not waive, their position that no response to the Turnover Motion may be required given that interpleader complaints are already pending in related actions before this Court that address the blocked funds at issue.

The Garnishees seek this relief because, pending resolution of the Abeyance Request, requiring the Garnishees to answer or otherwise respond to the Turnover Motion would risk duplicative briefing on issues that may be mooted, narrowed, or otherwise affected by the Court's ruling on the Abeyance Request or resolution of other related proceedings pending in the Southern District of New York, as described in more detail in the Abeyance Request.[2]

Counsel for the Garnishees have conferred with counsel for Plaintiffs, who consents to the alternative relief requested in this letter (i.e., a two-week extension of the Garnishees' deadline to respond, if any response is required). Plaintiffs do not consent to the Garnishees' request to stay any responsive deadline pending resolution of the Abeyance Request. Caballero requests that a stay of the deadline for any response to the Turnover Motion be made applicable to all parties that may so respond.

This request is made in good faith and not for the purpose of delay. This is the Garnishees' first request for this relief. No prejudice will result from this request as it does not affect the substantive rights of any party. The Garnishees therefore respectfully request that the Court grant this request and toll the Garnishees' deadline to answer or otherwise respond to the Turnover Motion (to the extent any response is required) or, alternatively, grant the unopposed

---

[1] The *Albán Osio* Plaintiffs oppose the Abeyance Request.

[2] Garnishee SMBC notes that it already has a pending interpleader complaint before this Court in the related action *Stansell v. FARC*, No. 16-mc-405 (S.D.N.Y.) (LGS) (SN) that addresses competing claimants to blocked funds of Petrocedeño that are held at SMBC. SMBC intends to amend that interpleader complaint in the *Stansell* action to add the *Albán Osio* Plaintiffs, which may moot any response from SMBC in this action. JPMorgan similarly has an interpleader pending in the related action *In re Claims Against the Valero-Petrocedeno Account*, No. 20-mc-00249 (S.D.N.Y.) (LGS) (SN) addressing competing claimants, including the *Albán Osio* Plaintiffs, to blocked funds held at JPMorgan.

request for a two-week extension. We thank Your Honors in advance for your consideration of this matter.

Respectfully submitted,

*/s/ Carmine D. Boccuzzi Jr.*
Carmine D. Boccuzzi, Jr.
cboccuzzi@cgsh.com
CLEARY GOTTLIEB STEEN & HAMILTON LLP
One Liberty Plaza
New York, New York 10006
T: 212-225-2508
*Attorney for JPMorgan Chase Bank, N.A.*

*/s/ Samuel Hall*
Samuel Hall
shall@willkie.com
Willkie Farr & Gallagher LLP
1875 K Street, N.W.
Washington, DC 20006-1238
T: 202-203-1443
*Attorney for TCP Petcoke*

*/s/ Robert W. Hamburg*
Robert W. Hamburg
rhamburg@mayerbrown.com
Mayer Brown LLP
1221 Avenue of the Americas
New York, New York 10020
T: 212-506-2297
*Attorney for Sumitomo Mitsui Banking Corp.*

cc: Counsel of record via ECF.