SCALE LAW

October 15, 2026

Hon. Lorna G. Schofield
United States District Judge
United States District Court for the Southern District of New York
New York, New York 10007

Hon. Sarah Netburn
United States Magistrate Judge
Thurgood Marshall United States Courthouse
40 Foley Square, Room 430
New York, New York 10007

**Re: *Osio, et al. v. Maduro Moros, et al.*, No. 25-mc-00390 (LGS) (SN) — Opposition to Antonio Caballero's Letter-Motion for Abeyance (ECF Nos. 73, 74)**

Dear Judge Schofield and Judge Netburn:

We represent the Albán Osio plaintiffs (the "Osios"). We respectfully oppose Antonio Caballero's letter-motion (ECF No. 73, as supplemented by ECF No. 74) to hold the Osios' Motion for Final TRIA Turnover Judgment (ECF Nos. 71, 72) (the "Turnover Motion") in abeyance "until the Pending Lopez Bello Turnover Motion has been fully resolved." ECF No. 73 at 4. The Osios already proposed that the Court defer any disbursement of Petrocedeño funds until it decides the Lopez Bello/Citibank motions first. Petrocedeño and the garnishees have each asked only for a short extension of their time to respond, to November 2, 2026, to which the Osios consented. Caballero, who lacks standing to seek this relief, is the only one asking the Court to freeze the briefing and decision of the motion for an indefinite period—relief that would expose terrorism victims to a risk of permanent loss while benefiting no one.

1. **Abeyance Exposes the Osios to an Irreversible Loss That a Disbursement-Only Stay Avoids.**

TRIA reaches only "blocked assets," meaning assets "seized or frozen by the United States" under TWEA or IEEPA. TRIA § 201(a), (d)(2)(A). Under Second Circuit precedent, TRIA does not "guarantee that any blocked assets will in fact be available when a particular victim seeks to execute on a judgment," and places no "constraint on the President's discretionary power to unblock assets — and thereby to remove them from the ambit of TRIA § 201." *Smith ex rel. Estate of Smith v. Fed. Reserve Bank of N.Y.*, 346 F.3d 264, 270–72 & n.5 (2d Cir. 2003). The Second Circuit has since applied *Smith* to deny TRIA execution where OFAC delisted the account holder while the creditors' proceeding was pending, under an unblocking order that expressly reached "any civil proceeding commenced or pending pursuant to Section 201" of TRIA. *John Doe #1 v. Deposit Guarantee Fund*, No. 23-1158-cv, 2025 WL 706502, at *4 (2d Cir. Mar. 5, 2025) (summary order). And *Havlish* confirms that TRIA's reach turns on the Executive's blocking action and its timing: "blocking" is "a status imposed by the United States at a certain time," and

agency-or-instrumentality status is assessed as of the blocking date. *Havlish v. Taliban*, 152 F.4th 339, 364–65 (2d Cir. 2025), *reh'g en banc denied*, 170 F.4th 100 (2d Cir. 2026); *see* ECF No. 66 at 8.

Thus, the timing of the Court's ruling is decisive. Petrocedeño's agency or instrumentality status is fixed as of its January 28, 2019 blocking date (ECF No. 66 at 9); what is not fixed is whether its funds remain blocked. And the sanctions landscape is shifting fast. The United States has announced the "normalization of relations with Venezuela under interim President Delcy Rodriguez." ECF No. 42 (quoting ECF No. 41). And OFAC continues to issue and broaden PdVSA-related general licenses. *See, e.g.*, Venezuela Gen. License Nos. 52C (Sept. 14, 2026), 46E (Sept. 28, 2026). Those licenses do not unblock these accounts today, but a delisting of PdVSA or its subsidiaries, or a license releasing these funds, issued before the Court rules could impair the Osios' TRIA remedy as to these funds.

A disbursement-only stay removes that risk without prejudicing anyone. Even with disbursement deferred, a final turnover judgment adjudicates the Osios' entitlement while the funds are indisputably blocked. This Court has used exactly that structure in Caballero's own case, entering a Final TRIA Turnover Order and Judgment while deferring transfer until the order becomes "final and non-appealable." No. 20-mc-249, ECF No. 295 (Sept. 17, 2026); *see also id.*, ECF No. 135 § 3(d). The Court has also acted before "to protect the Osio Plaintiffs' interests in the Petrocedeno funds." ECF No. 23. Caballero's proposed abeyance would undo that protection.

**2. No Party Would Be Prejudiced by Proceeding on the Current Schedule.**

The proponent of a stay "bears the burden of establishing its need," *Clinton v. Jones*, 520 U.S. 681, 708 (1997), and where a stay may harm another party, the movant "must make out a clear case of hardship or inequity in being required to go forward," *Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936); *see Louis Vuitton Malletier S.A. v. LY USA, Inc.*, 676 F.3d 83, 96–97 (2d Cir. 2012). Caballero does not attempt that showing, and no party is harmed by proceeding.

<u>*Caballero, the Stansells, and the Pescatores*</u>. The Turnover Motion seeks no relief against Caballero, the Stansells, or the Pescatores, and none of them is required to respond to it. It is directed to the garnishees and, on the merits, to Petrocedeño, whose blocked funds are at issue. *See* ECF No. 72 at 1, 17. Whatever priority the earlier writs may enjoy is fully preserved: under the Osios' proposal, no funds move until the Court has decided the Lopez Bello motions or entered a further order on distribution, and every priority question is expressly reserved. *See* Proposed Order ¶¶ 4–5. Nor does any FARC-only creditor have a stake in the Osios' independent showing that Petrocedeño is an agency or instrumentality of Maduro and the Cartel of the Suns. ECF No. 66 at 8–10. Although Caballero styles himself a "Plaintiff/Third-Party Defendant" (ECF No. 73 at 1), he is neither in this action. The only interest he holds in these funds—the priority of his writ—is fully reserved, and the "judicial efficiency" and interpleader interests he invokes belong to the Court and the garnishees, not to him. Caballero therefore lacks standing to seek abeyance. *See Warth v. Seldin*, 422 U.S. 490, 499 (1975) (a litigant "generally must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties").

<u>Petrocedeño</u>. Petrocedeño, the only party with a stake in the merits, does not seek abeyance. It asked only to extend its October 19 deadline by two weeks, to November 2, 2026, and the Osios agreed. Petrocedeño's earlier conditional non-opposition likewise sought only to preserve its right "to dissolve or otherwise challenge the underlying writ." ECF No. 73 at 3. This Court has held that

Petrocedeño is entitled to be heard "before final turnover of assets." ECF No. 66 at 6. That opportunity should proceed on the current schedule.

The Garnishees. The garnishees likewise sought only a modest extension, and the Osios have agreed to the same November 2 deadline. None claims any hardship from proceeding: SMBC's consent and TCP Petcoke's non-opposition (ECF Nos. 73, 74) reflect neutral stakeholders' indifference to timing, and no funds would leave the garnishees' custody until the Court orders that to occur.

**3. Caballero's Remaining Arguments Do Not Support Abeyance.**

a. The interpleaders. By Caballero's own account, the Osios are not parties to the SMBC interpleader, and the TCP Petcoke funds are subject to no interpleader at all. ECF No. 73 at 1–2. A proceeding to which the Osios are not parties cannot adjudicate their rights. At any rate, the priority dispute in the JPM interpleader (No. 20-mc-249) will be resolved at distribution, in an orderly fashion, by this Court, which presides over all three dockets.

b. The Osios' prior statements. Caballero quotes the first sentence of the Osios' June 11, 2026 letter (ECF No. 73 at 2 n.6) but notably omits what follows, in which the Osios stated that applying a stay to the Osios "would be inappropriate and highly prejudicial, because there is no suggestion that the Albán Plaintiffs judgment would be satisfied through the Lopez Bello/Yakima assets," and that the Osios "should remain free to pursue writs to satisfy their judgment." No. 20-mc-249, ECF No. 270 at 1. Footnote 5 of the Turnover Motion likewise addresses only the order in which the Court is likely to decide pending motions and resolve writ priority; it does not consent to suspending briefing. ECF No. 72 at 15 n.5.

c. Indefinite duration. A stay is "immoderate" unless "so framed in its inception that its force will be spent within reasonable limits." *Landis*, 299 U.S. at 257. Caballero's request is not: "fully resolved" could encompass objections, entry of judgment, and appeals. Notably, when Caballero sought comparable relief in another TRIA proceeding, the court denied it, noting that the request was "at odds with his repeated requests for alacrity." *Caballero v. Fuerzas Armadas Revolucionarias de Colombia*, No. 20-MC-40-LJV, 2022 WL 2439386 (W.D.N.Y. June 7, 2022), ECF No. 118 at 5. Here too, Caballero has consistently requested alacrity for his motions, while trying to delay other victims.

**4. Relief Requested**

The Osios respectfully request that the Court (1) deny ECF No. 73 and (2) extend the garnishees and Petrocedeño's deadline to respond to the Turnover Motion by November 2, 2026, with the Osios' reply due November 16, 2026. Plaintiffs further respectfully urge that this Court resolve (and grant) their turnover motion as expeditiously as possible, holding in abeyance only the transfer of the funds pending the outcome of writ priority issues that may be resolved later, e.g., following any distributions of Lopez Bello assets.

Respectfully submitted,

s/Jaime Guttman
Jaime D. Guttman, Esq.

Enclosure: [Proposed] Order
cc: All counsel of record (via ECF)