ZUMPANO PATRICIOS
312 Minorca Avenue | Coral Gables, FL 33134
Ph: (305) 444-5565 | Fax: (305) 444-8588
www.zplaw.com

October 20, 2026

**FILED VIA ECF**

Honorable Lorna G. Schofield
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Honorable Sarah Netburn
Thurgood Marshall Courthouse
40 Foley Square, Room 430
New York, NY 10007

Re: *Osio, et al. v. Maduro Moros, et al.,* No. 25-mc-00390-LGS-SN (S.D.N.Y.)

Dear Judge Schofield and Judge Netburn,

Where will the Osios forum shop next? Notwithstanding the existence of an interpleader—whose name actually reflects the blocked assets at the heart of the JPM-Petrocedeno interpleader (i.e., *In re Claims Against The Valero-Petrocedeno Account*)—three months ago, the Osios moved for turnover in the U.S. Southern District of Florida ("SDFL"). *Osio, et al. v. Moros, et al.,* No. 21-cv-20706 (S.D. Fla. July 6, 2026),[1] ECF No. 911. Now, having failed to obtain their desired relief from the SDFL, the Osios have filed the subject Osio Petrocedeno Turnover Motion[2] in this action. But like their attempt to obtain turnover in the SDFL, this newest attempt to obtain turnover in this action is also improper. Indeed, the filing of the Osio Petrocedeno Turnover Motion in this action flies in the face of the efforts of three courts to bring the relevant parties to the JPM-Petrocedeno interpleader before the correct court in the correct action—i.e., *In re Claims Against The Valero-Petrocedeno Account* (referred to by Caballero as the "Caballero SDNY Action").[3]

The Osios know their filing is improper and that the relief sought by Caballero is logical and judicially efficient. In response to an email from Caballero's counsel seeking their position as to Caballero's abeyance request, the Osios' counsel demanded that their three-paragraph "rationale" for opposing Caballero's relief be included in Caballero's filing. Caballero included the response from Osios' counsel verbatim. *See* ECF No. 73 at 3-4. Tellingly, the Osios nevertheless filed a three-page response to Caballero's abeyance letter. *See* ECF No. 78.

The Osios' argument that Caballero lacks standing is preposterous. *See* ECF No. 78 at 1. The Osio Petrocedeno Turnover Motion concerns blocked assets subject to two interpleaders—

[1] The "Osio SDFL Action."

[2] Caballero incorporates definitions from his underlying letter motion (ECF No. 73).

[3] *See* Osio SDFL Action, ECF No. 395 at 2 (Judge Gayles Order: transferring JPM-Petrocedeno interpleader to the SDNY); *Stansell, et al. v. FARC, et al.,* No. 19-cv-20896 (S.D. Fla. Apr. 2, 2025), ECF No. 687 at 6 (Judge Scola Order: transferring JPM-Petrocedeno interpleader to the SDNY); ECF No. 162 at 2 (Judge Caproni Order: consolidating JPM-Petrocedeno interpleaders into the Caballero SDNY Action and re-captioning the case as "*In re Claims Against The Valero-Petrocedeno Account*").

one in the Caballero SDNY Action (i.e., the JPM-Petrocedeno interpleader) and one in the Stansell SDNY Action (i.e., the SMBC-Petrocedeno interpleader)—to which Caballero is a named third-party defendant. Had the Osios filed in the interpleader actions—where they should be seeking substantive relief—then they could not allege (though mis-alleged here) that Caballero lacked standing to respond as an adverse claimant in those proceedings.[4] The Osios cannot file in the wrong action (i.e., in this action, referred to by Caballero as the "Osio SDNY Action") and then claim that Caballero lacks standing because he is not a party to this action.

As alluded to above, this is not the first time that the Osios use the wrong action as a means to raise backdoor improper arguments. Again, a few months ago, the Osios improperly sought turnover in the Osio SDFL Action. Osio SDFL Action, ECF No. 911. The Osios' turnover motion (though not specifically ruled upon) was effectively denied as moot based on the SDFL court's subsequent order dissolving the Osios' JPM-Petrocedeno writ issued in the Osio SDFL Action upon which their turnover motion was based. *See* Osio SDFL Action, ECF No. 967 at 4 ("The Writs of Garnishment to JPMorgan Chase Bank, N.A., Valero Energy Corporation, and Valero Marketing and Supply Company, [ECF No. 675], are dissolved."). Notably, in that same order, the SDFL court admonished the Osios for wasting judicial resources by seeking relief in the Osio SDFL Action when the JPM-Petrocedeno interpleader was transferred to and remains pending in the Caballero SDNY Action:

> The Court transferred JPMorgan's interpleader proceedings to the Southern District of New York…**Plaintiffs' filing of the Second Motion for Writ in this Court contravenes the purpose of the Transfer Order <u>and has caused this Court to waste judicial resources on a dispute that is already proceeding in another jurisdiction</u>**….
>
> Finally, **Plaintiffs' disregard of the Transfer Order has increased the risk of conflicting decisions about the same account**….
>
> **While the Court understands Plaintiffs' zeal in collecting on their judgment, <u>allowing post-judgment proceedings against the Valero-Petrocedeno account to proceed in this Court while also proceeding in the Southern District of New York is a clear example of why the Court transferred the interpleader action in the first place</u>**. Therefore, the Court finds that the Magistrate Judge's Order is contrary to the Transfer Order and the Second Motion for Writ must be denied.

*Id.* at 3-4 (emphasis added). The SDFL court's order thus underscores that substantive relief should be sought in the actions where the JPM-Petrocedeno and SMBC-Petrocedeno interpleaders are pending—that is the Caballero SDNY Action and the Stansell SDNY Action, respectively. Notwithstanding Judge Gayles' explicit language, the Osios attempt to defend their litigating outside the interpleader action by arguing that the risk of conflicting decisions does not exist when

---

[4] Caballero already addressed in the underlying letter motion the fact that the Osios are not currently a named party to the SMBC-Petrocedeno interpleader, noting that SMBC has indicated that it intends to amend its interpleader complaint to add the Osios. *See* ECF No. 73 at 2. Notably, the garnishees' filing of October 15, 2026 reiterates SMBC's intent to add the Osios to its interpleader action. ECF No. 77 at 2 n. 2.

"one Court" presides over both the Osio SDNY Action and the interpleader action. *See* ECF No. 80 at 2. The Osios' argument is a desperate grasping at straws. Clearly, allowing the Osios to litigate in this action would be nonsensical and would result in the precise waste of judicial resources that Judge Gayles and others have sought to avoid.

In reality, the "one Court" argument is a "one Judge" argument. The Osios' desired course of action would result in a waste of judicial resources in that one Judge would have to hear duplicative arguments in this action and the applicable interpleader action—even though additional parties are in the interpleader action but are omitted in this action—instead of only in the interpleader action culminating in one ultimate hearing with all relevant parties present. It would further result in the one Judge carrying the full burden of such duplication in multiple actions. Further, arguing that "one Court" presides over both actions lures this one Judge into overlooking the indisputable standing of a party—Caballero—in the actual action where the Osio Petrocedeno Turnover Motion should have been brought. Put another way, the attempt by the Osios is a crass one—to have a judge commit a legal error.

Another example of the Osios' forum shopping can be seen in the procedural history of this very action. In September of 2025—after the JPM-Petrocedeno interpleaders were transferred and consolidated into the Caballero SDNY Action—the Osios filed a motion for a writ of execution against the JPM-Petrocedeno blocked assets in this action instead of the Caballero SDNY Action, where the JPM-Petrocedeno interpleader is pending. *See* ECF No. 9. The Osios' improper tactics necessitated Caballero's filing of a letter apprising this Court of same. ECF No. 11. Following additional filings, the Osios withdrew their motion for writ in this action, noting their intent to refile in the Caballero SDNY Action: "We intend to refile an amended application in the interpleader action before Judge Caproni, *In Re Claims Against the Valero-Petrocedeno Account*, No. 20-mc-00249-VEC. This decision aligns with the relief sought by non-party Antonio Caballero [Doc. No. 11]." *See* ECF No. 17. Nevertheless, the Osios eventually moved again for, and obtained, a writ from this action. But although the Court may have authorized the issuance of the writ to the Osios herein does not mean that the Court authorized the Osios to litigate their claim to the subject blocked assets outside of the interpleader actions where there are competing judgment creditors. Moreover, regardless of whether JPM interpled the Osios based on their now dissolved SDFL writ, the Osios cannot use such dissolution—which resulted from the Osios' failure to seek the writ from the proper court (i.e., the SDNY)—to their benefit to justify litigating outside the interpleader action when they continue to be a named party and when they have since obtained another writ from this Court.

Caballero would be clearly prejudiced were the Osios allowed to proceed with their turnover motion. The Osio Petrocedeno Turnover Motion seeks to leapfrog not one, but three judgment creditors with priority over the Osios (i.e., Caballero, the Stansells, and the Pescatores). Given Caballero's priority, it is logical that the Court should first determine Petrocedeno's status as a FARC agency and/or instrumentality before determining whether Petrocedeno is an agency and/or instrumentality of the Osios' judgment debtors. Notably, the Osios formerly agreed with this sequencing of events as to the JPM-Petrocedeno interpleader. *See* ECF No. 183 at 4 (proposing that the "Agency/Instrumentality Determination as to FARC," "Lien Priority Determination," and the "Alban Osio A/I Determination" go first, second, and third, respectively, with the second and third issues being "Contingent"). Moreover, Caballero anticipates substantial factual overlap between Caballero's and the Osios' respective agency and/or instrumentality inquiries such that it

would be prejudicial to Caballero were the Osio given the first opportunity to make their case.[5]

Caballero established the grounds for his requested relief in his underlying letter motion. The harm and prejudice to Caballero was implicit in Caballero's reference to the ongoing JPM-Petrocedeno and SMBC-Petrocedeno interpleaders "which will determine at least: (1) Petrocedeno's status as an agency and/or instrumentality; and (2) priority among the competing judgment creditors including the Osios" and Caballero's assertion that "[t]he Osio Petrocedeno Turnover Motion purports to skip over these proceedings." ECF No. 73 at 1. Moreover, the Osios' cries that Caballero's abeyance request is immoderate in nature rings hollow given Magistrate Judge Netburn's recent Order referring to the Lopez Bello Turnover Motion[6] as "**ripe for decision**." Stansell SDNY Action, ECF No. 661 at 3 (emphasis added). Thus, it stands to reason that the Court's adjudication of the Lopez Bello Turnover Motion is imminent.[7]

The Osios put a lot of stock in Petrocedeno's position regarding Caballero's abeyance request, claiming that "Petrocedeño…does not seek abeyance." ECF No. 78 at 2. As it turns out, however, the Osios' characterization of Petrocedeno's position is, per Petrocedeno, "not accurate." *See* ECF No. 79 at 2. Indeed, Petrocedeno, a few days ago, filed a four-page response, "consent[ing] to Caballero's motion for abeyance" subject to certain conditions previously mentioned in Caballero's underlying letter motion. ECF No. 79 at 1. The Osios also misrepresent the garnishees' requested relief. As the garnishees made clear in their filing—filed before the Osios' opposition—the garnishees seek to toll their time to respond to the Osio Petrocedeno Turnover Motion until two weeks after the Court either lifts the abeyance or denies the abeyance request. ECF No. 77 at 2. Nevertheless, the Osios present the garnishees *alternate* request for relief—a two-week extension to respond, if necessary, to the Osio Petrocedeno Turnover Motion

[5] The Osios egotistically and improperly attempt to foreclose Caballero from asserting certain agency and/or instrumentality related arguments. The argument that Caballero, as a FARC creditor, does not have "a stake in the Osios' independent showing that Petrocedeño is an agency or instrumentality of Maduro and the Cartel of the Suns" (ECF No. 78 at 2) is wrong. In fact, the Osios relied upon orders from Caballero's and the Stansell's collection efforts establishing that Petrocedeno is a FARC and/or instrumentality to obtain their own agency and/or instrumentality order. *See* ECF No. 25 at 1-3. And, in the Osio Petrocedeno Turnover Motion, the Osios again cite to FARC judgment creditors' papers or Orders in FARC judgment creditor's cases in support. *See* ECF No. 72 at 13-14.

[6] For convenience, Caballero reminds the Court that the above defined term refers to the turnover motion as to the Samark Jose Lopez Bello ("Lopez Bello") related assets held by Citibank (Stansell SDNY Action, ECF Nos. 564, 565).

[7] The Osios misrely on an Order denying Caballero's stay request in the U.S. District Court for the Western District of New York ("WDNY"). In the Caballero WDNY action, Caballero sought a stay of proceedings in the WDNY pending a decision in in another district, which would only have persuasive authority, and involving different parties. Here, by contrast, Caballero is seeking an abeyance of a turnover motion until resolution of the Lopez Bello Turnover Motion that is fully briefed and before Your Honor in a related matter and which the court has indicated it is ready to rule upon. Moreover, any ruling on the Lopez Bello Turnover Motion will directly impact questions regarding priority, among other issues, as to the JPM-Petrocedeno and SMBC-Petrocedeno assets.

(*id.*)—as their primary request. *See* ECF No. 78 at 1, 3.[8] Regardless, although the garnishees do not themselves seek abeyance, the garnishees are neutral third parties and SMBC, TCP Petcoke, and JPM, respectively, consented to, did not oppose, or took no position on Caballeros' request. *See* ECF No. 73 at 3; ECF No. 74. Moreover, Caballero has supported his abeyance request notwithstanding the garnishees not joining in the request.

In support of their proposal that the Court adjudicate their motion and stay any transfer of funds, the Osios misrely on a 2025 TRIA turnover order and judgment entered in favor of Caballero in the Caballero SDNY Action involving blocked assets related to Lopez Bello (*see* Caballero SDNY Action, ECF No. 135, the "Caballero Lopez Bello Turnover Order"). As the Osios acknowledge, the purpose for the deferral of transfer in the Caballero Lopez Bello Turnover Order was to allow the order to become "final and non-appealable." Here, by contrast, any potential ruling that the Osios are entitled to the Petrocedeno accounts held by JPM or SMBC may not be limited to a deferral based on the mere running of an appellate period. Instead, any potential ruling would be subject to substantive legal and factual issues that may yet need to be decided depending on whether Caballero, the Stansells, and/or the Pescatores are fully satisfied following potential turnover of the blocked assets subject to the Lopez Bello Turnover Motion (e.g., priority, Petrocedeno's status as a FARC agency and/or instrumentality).

The implication that Caballero somehow misrepresented the Osios' prior statements is false. The Osios do not dispute that they previously represented that "judicial efficiency would be served by the Court first addressing the pending turnover motions directed to the Lopez Bello/Yakima assets." *See* ECF No. 73 at n. 6. Instead, the Osios take issue with the fact that Caballero did not include specific prior statements where the Osios opposed any stay of their collection efforts. *See* ECF No. 78 at 3. But Caballero never represented that the Osios consented to the abeyance request and in fact included verbatim the Osios' counsel rationale for opposition. Thus, there was no misrepresentation.

Finally, the Osios argue against the abeyance request because of the possibility that the assets become unblocked and removed from TRIA's ambit. *See* ECF No. 78 at 1. However, generally, the unblocking of an asset has no effect on an ongoing collection proceeding. *See* 31 C.F.R. § 591.402. Moreover, *Smith* and *Doe,* upon which the Osios rely are distinguishable. In *Smith,* the President ordered confiscation of the subject blocked assets prior to the plaintiffs obtaining their underlying judgment. *Smith v. FRB*, 346 F.3d 264, 272 (2d Cir. 2003). In *Doe,* the plaintiffs did not have a writ at the time OFAC unblocked the subject assets. *Doe v. Deposit Guarantee Fund*, No. 23-1158-cv, 2025 LX 283415, at *10-*11 (2d Cir. Mar. 5, 2025). Moreover, the fact that OFAC took extraordinary action in *Doe* does not justify the Osios' far more extraordinary request that this Court disregard the interpleaders and permit the Osios to leapfrog the priority of three competing judgment creditors. Furthermore, as the Osios themselves acknowledged in their more recent filing (*see* ECF No. 80 at 3), in response to this Court's invitation to file a statement of interest on, in relevant part, any "issues raised by the litigation that the United States deems of interest," (ECF No. 41 at 2), the United States declined to provide its views beyond those pertinent to the now-resolved authority to represent issue (ECF No. 228 at 2).

---

[8] In their more recent filing, the Osios correctly distinguish between the garnishees' primary and alternate requests for relief. *See* ECF No. 80 at 1.

Respectfully Submitted,

*<u>/s/ Nicholas Rostow</u>*
Joseph I. Zumpano (Florida Bar Number: 0056091)
E-mail: jzumpano@zplaw.com
Leon N. Patricios (Florida Bar Number: 0012777)
E-mail: lpatricios@zplaw.com
Nicholas Rostow (New York Bar Number: 18-2590)
E-mail: nrostow@zplaw.com
ZUMPANO PATRICIOS, P.A.
312 Minorca Avenue
Coral Gables, FL 33134
Tel. (305) 444-5565
*Attorneys for Antonio Caballero*

cc: Counsel of record via ECF.