UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MEUDY ALBAN OSIO, et al.,<br><br>Judgment Creditors,<br><br>v.<br><br>NICOLAS MADURO MOROS, et al.,<br><br>Judgment Debtors. | Case No. 1:25-mc-00390-LGS-SN |

**NON-PARTY GARNISHEE JPMORGAN CHASE BANK, N.A.'S MEMORANDUM IN RESPONSE TO THE OSIO PLAINTIFFS' MOTION FOR A TURNOVER ORDER UNDER THE TERRORISM RISK INSURANCE ACT**


CLEARY GOTTLIEB STEEN & HAMILTON LLP
One Liberty Plaza
New York, New York 10006
Telephone: +1 212 225 2000
*Attorneys for Garnishee JPMorgan Chase Bank, N.A.*

Non-party garnishee JPMorgan Chase Bank, N.A. ("JPMorgan") responds to the Motion for a TRIA Turnover Order (the "Turnover Motion," ECF No. 72) filed by plaintiffs Meudy Alban Osio, et al. (the "Osio Plaintiffs"), which seeks entry of an order or judgment directing garnishees JPMorgan, Sumitomo Mitsui Banking Corp. ("SMBC"), and TCP Petcoke to turn over OFAC-blocked assets allegedly owned by PetroCedeno, S.A. ("PetroCedeno"), in partial satisfaction of the Osio Plaintiffs' $217 million terrorism judgment against Nicolas Maduro Moros, the Cartel of the Suns, and the other judgment debtors (the "Osio Judgment").

As relevant to JPMorgan, the blocked assets at issue are held in an account (the "Blocked Account") that JPMorgan established in 2024 pursuant to OFAC sanctions regulations and at the request of Valero Marketing and Supply Company, a subsidiary of Valero Energy Corporation (collectively, "Valero"). Valero asked JPMorgan to segregate funds that, according to Valero, represented certain accounts payable to PetroCedeno on their books. PetroCedeno is a subsidiary of Petroleos de Venezuela, S.A. ("PDVSA"), which OFAC designated a Specially Designated National on January 28, 2019, under Executive Order 13850, and which remains on the SDN List today.

As a disinterested garnishee, JPMorgan has no claim to the funds in the Blocked Account. JPMorgan is sympathetic to victims of terrorism and has no desire to impede their efforts to enforce Antiterrorism Act and TRIA judgments. JPMorgan has in recent years turned over substantial sums of money to terrorism victims from accounts that had been blocked under OFAC sanctions and found by courts to meet the legal requirements for execution under TRIA § 201(a) or § 1610(g) of the Foreign Sovereign Immunities Act ("FSIA"). JPMorgan's sole interest in this proceeding is to ensure that any order directing it to turn over the funds in the Blocked Account accords with TRIA, applicable OFAC regulations, federal rules on service, all

jurisdictional requirements, including as to PetroCedeno and PDVSA, and other governing law. Any turnover order would then be immune from a legitimate future challenge so that JPMorgan is not exposed to the risk of double liability.

As the Osio Plaintiffs acknowledge, there are multiple claimants to the Blocked Account, including the Osio Plaintiffs, Keith Stansell, et al. (the "Stansell Plaintiffs"), and Antonio Caballero ("Caballero"). *See* Turnover Mot. at 15 n.5, ECF No. 72. The priority of rights among these claimants is already being litigated pursuant to an existing interpleader complaint filed by JPMorgan. *See* Amended and Consolidated Answer and Third-Party Compl. for Relief in Interpleader, *In re Claims Against the Valero-Petrocedeno Account*, No. 1:20-mc-00249 (LGS)(SN) (S.D.N.Y. Oct. 31, 2025), ECF No. 202 (the "Interpleader"). JPMorgan takes no position on the Osio Plaintiffs' request for turnover of the Blocked Account, provided that a final non-appealable order is entered that determines that JPMorgan's service of the Interpleader on PetroCedeno and PDVSA is sufficient, determines that the Court has jurisdiction over all relevant parties, and resolves the issues set forth in the Interpleader. Those issues include (i) the priority dispute among the above-listed entities and any other entities that may assert a claim to the Blocked Account; and (ii) PetroCedeno's assertion that it is not an "agency or instrumentality" of the Cartel of the Suns, the FARC, Maduro, or the other judgment debtors within the meaning of TRIA.[1] As further set forth in the Interpleader, JPMorgan respectfully submits that, before entering any turnover order, the Court should determine that all other notice and jurisdictional requirements for turnover under TRIA § 201(a) have been satisfied. Any

[1] In this proceeding, the Court adopted the Report and Recommendation concluding that the Osio Plaintiffs had satisfied the elements of TRIA § 201(a), including that PetroCedeno is an agency or instrumentality of the judgment debtors. *See* Report & Recommendation, ECF No. 29 (Dec. 5, 2025); Op. & Order, ECF No. 66 (Aug. 5, 2026) (overruling PetroCedeno's objections and authorizing execution on PetroCedeno's blocked assets). JPMorgan understands that PetroCedeno continues to dispute that determination. JPMorgan takes no position on the merits of PetroCedeno's objection, other than to observe that it bears on this Court's subject matter jurisdiction over the Blocked Account under TRIA § 201(a) and must be resolved before any turnover order issues.

turnover order should also include standard protective provisions, including a release and discharge of JPMorgan and its affiliates and their employees and agents, a bar on future litigation, and vacatur of all writs on the Blocked Account in order to protect JPMorgan from the risk of double or multiple liability.

JPMorgan expressly reserves all rights and defenses.

Dated: November 16, 2026
New York, New York


/s/ *Carmine D. Boccuzzi, Jr.*
Carmine D. Boccuzzi, Jr.
cboccuzzi@cgsh.com
CLEARY GOTTLIEB STEEN & HAMILTON LLP
One Liberty Plaza
New York, New York 10006
T: 212-225-2000

*Attorneys for Garnishee JPMORGAN CHASE BANK, N.A.*